# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**ANDREW BRYAN SHEETS**,

    Plaintiff,

v.                                                                                2:24-cv-943-SPC-NPM

**BILL PRUMMELL** and
**CHRISTOPHER SCOTT WILLIAMS**,

    Defendants.

## ORDER

This is a civil-rights action that stems from an incident between pro se plaintiff Andrew Bryant Sheets and defendants Sheriff Bill Prummell and Deputy Christopher Scott Williams in Charlotte County, Florida on October 20, 2020.[1] Although there are only two defendants in this case, Sheets has proceeded to serve subpoenas duces tecum on non-parties Lee County Sheriff's Office, the City of Punta Gorda, Charlotte County Clerk of Circuit Court, the School Board of Charlotte County, the City of North Port, YouTube, Meta, and Twitter. Sheets has also served numerous discovery requests on defendants including hundreds of requests for production and admission, as well as interrogatories. Not surprisingly, a flurry of

---

[1] Sheets is no stranger to the court as he has filed nine lawsuits in this district, six of which are currently pending. *See Sheets v. Davoult, et al.*, No. 2:25-cv-130-JLB-KCD; *Sheets v. Woelk et al.*, No. 2:25-cv-061-JLB-KCD; *Sheets v. Charlotte County et al.*, No. 2:24-cv-958-JES-KCD; *Sheets v. Prummell et al.*, No. 2:24-cv-943-SPC-NPM; *Sheets v. Jimenez et al.*, No. 2:24-cv-704-SPC-KCD; *Sheets v. Presseller et al.*, No. 2:24-cv-495-JLB-KCD; *Sheets v. City of Punta Gorda, Florida*, No. 2:22-cv-246-SPC-NPM (closed); *Sheets v. Bell*, No. 2:23-cv-035-JLB-KCD (closed); and *Sheets v. City of Punta Gorda, Florida*, No. 2:19-cv-484-SPC-M_M (closed).

motions to quash and for protective order have been filed, arguing that Sheets's requests are overly broad, irrelevant, unduly burdensome, and harassing. (Docs. 35, 42, 46, 47, 55, 66, 69, 72, 77, 78, 84). In addition, Sheets has filed several motions to compel discovery. (Docs. 49, 51, 52, 61, 65).

Given the onslaught of discovery-related motions that seem to multiply like Tribbles[2], it has overwhelmed the court's overly burdened docket. And a preliminary review of the subpoenas reveals that his discovery requests are at the very least overbroad.[3] So we are staying discovery until the pleadings are closed. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket."); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

Accordingly, discovery is stayed until further order of the court. After the pleadings are closed, the court will conduct a Rule 16 conference with the parties to discuss the confines in which discovery will take place. All motions to quash, for protective order, and to compel discovery (Docs. 35, 42, 46, 47, 49, 51, 52, 55, 61,

---

[2] *See* https://tenor.com/view/tribbles-star-trek-universe-gif-15358836

[3] In *Sheets v. Presseller et al.*, No. 2:24-cv-495-JLB-KCD, Sheets served subpoenas duces tacum seeking "any and all documents, emails, audio, and video records containing the name *Andrew Sheets* from 2012 to present" and "any and all emails, memos, text messages, video, and audio referencing plaintiff's name from 2019 to the present." (Docs. 94, 110). When denying Sheets's motions to compel, the court found his requests overly broad and not tailored to the issues in the case, which stemmed from incidents in 2020 and 2022. Here, Sheets makes similar, if not identical, requests.

2

66, 69, 72, 77, 78, 84) are **denied without prejudice**. Sheets's motion for leave to file to file a reply in support of his motion to compel (Doc. 65) is **denied as moot**.

**ORDERED** on April 21, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge