UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                 Case No.:  2:24-cv-943-SPC-NPM

SHERIFF BILL PRUMMELL and
DEPUTY CHRISTOPHER SCOTT
WILLIAMS,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Defendant Sheriff Bill Prummell's Motion to Dismiss Counts Three and Four (Doc. 83) and Plaintiff Andrew Bryant Sheets' response (Doc. 90). For the reasons below, the Court grants the motion.

Plaintiff, proceeding without a lawyer, brings this action under 42 U.S.C. § 1983. (Doc. 71). He alleges that Defendant Deputy Christopher Scott Williams issued him a trespass warning after he tried to file an internal affairs complaint at the Charlotte County Sheriff's Office. (*Id.* ¶ 13). He brings First Amendment viewpoint discrimination and retaliation claims against Deputy Williams. (*Id.* ¶¶ 40–56). He also alleges that Sheriff Prummell has established a policy or custom of issuing trespass warnings (1) in response to speech critical of the Sheriff's Office and (2) without providing due process. (*Id.*

¶¶ 58, 73). So he brings two *Monell* claims to that effect. (*Id.* ¶¶ 57–91). Sheriff Prummell moves to dismiss. (Doc. 83).

This is not the first time the Court has reviewed Plaintiff's allegations. After the last round of briefing, the Court dismissed his *Monell* claims with leave to amend. (Doc. 43 at 12–16). The Court instructed Plaintiff that "[t]o impose *Monell* liability, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." (*Id.* at 12 (quoting *Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir. 2021)). Because Plaintiff alleged only one incident that could support count three and two incidents that could support count four, the Court dismissed those claims. Such thin allegations were insufficient to establish a custom. (*Id.* at 15 (citing *Wakefield v. City of Pembroke Pines*, 269 F. App'x 936, 940 (11th Cir. 2008) ("Two incidents, occurring approximately thirteen months apart, are insufficient to establish a custom."))). Plaintiff has amended those claims, but Sheriff Prummell argues that they remain deficient. The Court agrees.

Both of Plaintiff's *Monell* claims challenge Sheriff Prummell's use of trespass warnings.[1] He claims in count three that Sheriff Prummell

---

[1] Plaintiff revised his *Monell* claims since the last round of briefing. Counts three and four now specifically target the Sheriff's use of trespass warnings. Elsewhere in his second

maintained a policy or custom of issuing trespass warnings based on speakers' viewpoints (speech critical of the Sheriff's Office), in violation of the First Amendment. (Doc. 71 ¶ 58). And he claims in count four that Sheriff Prummell maintains a policy or custom of issuing trespass warnings without due process protections, in violation of the Fourteenth Amendment. (*Id.* ¶ 73). Plaintiff relies on, at most, four trespass warnings to establish a policy or custom and support his claims. (*Id.* ¶¶ 60–67, 74–87).

Two of the trespass warnings, however, do not support count three, Plaintiff's *Monell* claim based on viewpoint discrimination. He alleges that he was issued a trespass warning at the Charlotte County Murdock Building in 2018. (*Id.* ¶ 62). And he alleges that the Charlotte County Board of County Commissioners issued a trespass warning to Ian McGuire in 2018. (Doc. 71-1 at 44). But his allegations provide nothing about the viewpoints expressed during those incidents.

He states in a conclusory fashion that the Murdock Building incident was "one more incident that shows viewpoint discrimination." (Doc. 71 ¶ 28b). And he alleges that he was exercising his First Amendment rights. (*Id.* ¶¶ 28d–28f). But he does not explain what viewpoint allegedly led to the incident.

---

amended complaint, Plaintiff alleges that Sheriff's Office employees have hidden his Facebook posts and kicked him off a sidewalk during a protest in 2021. (Doc. 71 ¶¶ 29–32). But Plaintiff does not allege that either of these incidents involved a trespass warning.

Nor does he provide what viewpoint allegedly led to the Ian McGuire incident. As alleged, neither trespass warning is linked to "speech critical of the Charlotte County Sheriff's Office." (*Id.* ¶ 58). So these two incidents do not support his *Monell* claim based on viewpoint discrimination. In fact, his allegations seem to suggest only the 2020 and 2022 trespass warnings involved speech critical of the Sheriff's Office. He repeatedly highlights only those two incidents as involving "internal affairs complaints" and "criticism of public officials[.]" (*Id.* ¶ 64). But as the Court has already instructed Plaintiff, two incidents cannot carry this *Monell* claim. *See Wakefield*, 269 F. App'x at 940 ("Two incidents, occurring approximately thirteen months apart, are insufficient to establish a custom.").

Similarly, two of the trespass warnings do not support count four, Plaintiff's *Monell* claim based on the Fourteenth Amendment. Plaintiff alleges that the Ian McGuire warning did not violate due process. (Doc. 71 ¶¶ 39, 81–84). And he does not allege that the warning from the Murdock Building incident violated due process. Much like his earlier *Monell* claim, he specifically cites only the 2020 and 2022 citations as lacking due process protections. (*Id.* ¶¶ 76–80). Once again, two incidents aren't enough.[2] *See Wakefield*, 269 F. App'x at 940.

---

[2] Plaintiff also added allegations to counts three and four incorporating all preceding paragraphs. (Doc. 71 ¶¶ 57, 72). These allegations render his second amended complaint an

4

The Court already gave Plaintiff a chance to amend counts three and four. (Doc. 43 at 16). And he is no stranger to amending his pleadings in federal court.[3] Because counts three and four remain deficient, the Court now dismisses them with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("Our cases make clear that a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice[.]") (cleaned up). This leaves only counts one and two against Deputy Williams in his individual capacity left in this case.

Accordingly, it is

**ORDERED:**

(1) Counts three and four of the Second Amended Complaint (Doc. 71) are **DISMISSED with prejudice.**

(2) The Clerk is **DIRECTED** to terminate Sheriff Bill Prummell as a defendant.

---

improper shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts[.]"). But fixing this deficiency is unnecessary as the Court will not allow further amendment of counts three and four.

[3] Plaintiff currently has six other cases pending in the Middle District of Florida. *See Sheets v. Presseller*, 2:24-cv-495-JLB-KCD; *Sheets v. Jimenez*, 2:24-cv-704-SPC-KCD; *Sheets v. Charlotte County*, 2:24-cv-958-JES-KCD; *Sheets v. Woelk*, 2:25-cv-61-JLB-KCD; *Sheets v. Davoult*, 2:25-cv-130-JLB-KCD. And another three cases are closed. *See Sheets v. Punta Gorda*, 2:19-cv-484-SPC; *Sheets v. Punta Gorda*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB-KCD.

**DONE** and **ORDERED** in Fort Myers, Florida on May 16, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record