UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                                          Case No.:  2:24-cv-943-SPC-NPM

BILL PRUMMELL, in his official
Capacity as Sheriff of Charlotte
County, and DEPUTY
CHRISTOPHER SCOTT
WILLIAMS, in his individual and
official capacity,

    Defendants.

---

## OPINION AND ORDER

Before the Court is pro se Plaintiff Andrew Sheets' Renewed Motion for Judicial Notice of Adjudicative Fact.  (Doc. 114).  Defendant Chrisopher Scott Williams responded.  (Doc. 120).  For the below reasons, the Court denies the motion.

Plaintiff moves under Federal Rule of Evidence 201(b) for the Court to take judicial notice of a summary judgment ruling issued in a separate proceeding he is a party to.  *See Sheets v. Presseller et al.*, No. 2:24-CV-495-KCD-DNF, 2026 WL 151841 (M.D. Fla. Jan. 21, 2026).  *Presseller* denied the City of Punta Gorda's summary judgment motion as to a Fourteenth Amendment procedural due process claim brought by Plaintiff.  *Presseller*

reasoned that because the City offered Plaintiff no process to challenge his trespass order in that case, his claim could proceed to trial. *See id.* at \*3–6. Plaintiff now moves for the Court to recognize that *Presseller* determined "a government-issued trespass warning system with no avenue or appeal or review violates procedural due process under the Fourteenth Amendment." (Doc. 114 at 1). He argues that Defendants here similarly provide no method to challenge a trespass within Charlotte County. (*Id.* at 2). Plaintiff's motion is meritless.

"[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *see also AAMP of Fla., Inc v. Auto. Data Sols., Inc.*, No. 8:13-CV-2019-T-35TGW, 2014 WL 12620847, at \*6 (M.D. Fla. Aug. 26, 2014) ("While the Court can take judicial notice of filings in other Courts, such notice is limited to establish[ing] the fact of such litigation and related filings, not for the truth of the matters asserted in the other cases.") (internal quotation omitted). But Plaintiff asks the Court to take notice of the legal conclusions of *Presseller*, not the fact of that order's existence.[1] This is not permitted. *See id* at \*6 (denying

---

[1] The Court notes *Presseller* is not binding authority.

motion for judicial notice of filings in separate proceeding for anything "beyond . . . the simple fact of such litigation").

What is more, Defendant correctly points out there is no Fourteenth Amendment due process claim at issue in this case. So the ruling in *Presseller* has no relevance here. Because Plaintiff's motion seeks judicial notice of an irrelevant fact for an improper purpose, the Court denies it.

Accordingly, it is now

**ORDERED:**

Plaintiff's Renewed Motion for Judicial Notice of Adjudicative Fact (Doc. 114) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3