UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

     Plaintiff,

v.                                                           Case No.:  2:24-cv-943-SPC-NPM

BILL PRUMMELL, in his official
capacity as Sheriff of Charlotte
County, and DEPUTY
CHRISTOPHER SCOTT
WILLIAMS, in his individual and
official capacity,

     Defendants.

---

## OPINION AND ORDER

Before the Court is pro se Plaintiff Andrew Bryant Sheets' Motion under Federal Rule of Civil Procedure 60(b)(2) for Relief from Opinion and Order. (Doc. 136).  Defendant Deputy Christopher Scott Williams responded.[1]  (Doc. 138).  For the following reasons, the Court denies the motion.[2]

---

[1] Plaintiff filed a reply in support of his motion without leave of court. (Doc. 139). The Court does not consider it in ruling on the motion. *See, e.g.*, *Sims v. Wells Fargo Bank N.A.*, No. 3:20-CV-302-BJD, 2021 WL 4131608, at *1 n.2 (M.D. Fla. Sept. 2, 2021) (declining to consider a reply because "[w]ithout leave, no party may file a reply directed to a response except a response to a motion for summary judgment") (quoting M.D. Fla. R. 3.01(d)).

[2] Plaintiff initially filed his motion on February 27, 2026, which the Court denied without prejudice for failing to comply with M.D. Fla. R. 3.01(g). (Doc. 129).  Plaintiff refiled his motion on March 27, 2026, after the one-year deadline for filing Rule 60(b)(2) motions had passed. *See* Fed. R. Civ. P. 60(c)(1).  The parties failed to brief whether Plaintiff's motion is timely, so the Court does not address the issue.

Plaintiff brings this civil rights action under 42 U.S.C. § 1983. He alleges that Deputy Williams issued him a trespass warning after he tried to file an internal affairs complaint at the Charlotte County Sheriff's Office in 2020. He also alleges that Sheriff Prummell has established a policy of issuing trespass warnings (1) in response to speech critical of the Sheriff's Office and (2) without providing due process. Plaintiff brought a Fourteenth Amendment due process clause claim against Sheriff Prummell (Count IV). (Doc. 15 ¶¶ 60–70).

The Court dismissed Count IV without prejudice for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and granted Plaintiff leave to amend. (Doc. 43). Plaintiff attempted to replead Count IV (Doc. 71 ¶¶ 72–91), but the Court dismissed it again under Rule 12(b)(6). (Doc. 91). Because Plaintiff already received a chance to replead, the Court dismissed Count IV with prejudice in its second dismissal order. (*Id.* at 5).

Now, Plaintiff moves for relief from the Court's first order dismissing Count IV without prejudice under Rule 60(b)(2). He argues that evidence he received during discovery establishes a factual basis to replead Count IV, and thus the Court should reverse its ruling. (Doc. 136 at 6).

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six specifically identified reasons. Fed. R. Civ. P. 60(b)(1)–(6). "The Eleventh Circuit has held that 'Rule 60(b) applies only to final judgments,' such that a final judgment is

2

a prerequisite to moving for relief under Rule 60." *Young v. Cmty. Health Sys., Inc.*, No. 8:22-CV-329-SCB-AEP, 2022 WL 18498596, at \*2 (M.D. Fla. Nov. 14, 2022) (quoting *Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 974 (11th Cir. 1982)).  In considering a Rule 60(b)(2) motion, "the requirements of the rule must be strictly met." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).

Plaintiff's motion fails for a simple reason: the Court's order dismissing Count IV without prejudice (Doc. 43) is not a "final judgment" under Rule 60. "The standard test for whether a judgment is 'final' for Rule 60(b) purposes is whether the judgment is sufficiently 'final' to be appealed." *Martinez v. Ross Dress for Less, Inc.*, No. 23-CV-22894, 2024 WL 6968773, at \*2 (S.D. Fla. Jan. 16, 2024) (quotation omitted); *see also Lyons v. O'Quinn*, 746 F. App'x 898, 903 (11th Cir. 2018) ("A final judgment generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (quotation omitted).  The Court's first order, which dismissed Count IV without prejudice and granted leave to amend, is clearly not a final judgment.  So Plaintiff cannot move for relief from it under Rule 60.[3]

---

[3] The Court pauses to note the waste of judicial resources that would ensue from allowing plaintiffs to move under Rule 60(b)(2) to alter pleading stage dismissal orders.  To permit such motions would allow plaintiffs who fail to plead claims under Rule 12(b)(6) another bite at the apple by letting them file a Rule 60(b)(2) motion after taking discovery in the hopes of resurrecting claims rejected earlier in a case.  It should come as no surprise that federal courts across the country reject gambits like Plaintiff's and instead adopt a "commonsense"

Even if Plaintiff moved for relief under Rule 60(b)(2) from the Court's order dismissing Count IV with prejudice (Doc. 91), his motion would still be improper. Although the Court's second dismissal order dismissed Count IV with prejudice, it did not adjudicate all the claims at issue. So, a Rule 60 motion would be inapplicable for that order as well. *See, e.g., Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) ("Ordinarily . . . an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken.") (citation omitted).

Because Rule 60(b)(2) is inapplicable to the Court's prior dismissal orders, Plaintiff's motion is denied.

Accordingly, it is **ORDERED:**

Plaintiff Andrew Bryant Sheets' Motion under Federal Rule of Civil Procedure 60(b)(2) for Relief from Opinion and Order (Doc. 136) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 9, 2026.



SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

approach for determining when orders are final under Rule 60. *See Martinez*, 2024 WL 6968773, at *2 (collecting authority).