UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

Plaintiff,

v. Case No.: 2:24-cv-943-SPC-NPM

DEPUTY CHRISTOPHER SCOTT WILLIAMS,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant Deputy Christopher Williams' Motion for Summary Judgment (Doc. 135), pro se Plaintiff Andrew Sheets'[1] response (Doc. 141),[2] and Defendant's reply (Doc. 143). For the below reasons, the Court grants Defendant's motion.

---

[1] Although Plaintiff is proceeding without a lawyer, he is no stranger to federal court. *See Sheets v. City of Punta Gorda, Florida*, 2:19-cv-484-SPC-MM; *Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-KCD-DNF; *Sheets v. Jimenez et al.*, 2:24-cv-704-SPC; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-JES-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-KCD-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-130-KCD-DNF; *Sheets v. Martin et al.*, 2:25-cv-444-SPC-NPM; *Sheets v. Lipker et al.*, 2:25-cv-493-KCD-DNF; *Sheets v. Pribble*, 2:25-cv-500-KCD-NPM; *Sheets v. Woelk et al.*, 2:25-cv-578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC; *Sheets v. Woelk et al.*, 2:25-cv-611-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-612-KCD-NPM; *Sheets v. Angelini et al.*, 2:25-cv-653-SPC-NPM; *Sheets v. Angelini et al.*, 2:25-cv-644-KCD-DNF; *Sheets v. Gray, et al.*, 2:25-cv-667-JES-DNF; *Sheets v. Renz et al.*, 2:25-cv-1000-KCD-DNF; *Sheets v. Presseller et al.*, 2:26-cv-773-SPC-KRH; *Sheets v. Wetherell et al.*, 2:26-cv-1974-KCD-KRH.

[2] Plaintiff's response, which he unabashedly generated in large part with artificial intelligence, fails to comply with the Court's requirements regarding responses to motions for summary judgment. (Doc. 32 § D.4.b). It also exceeds 20 pages in violation of the

## Background

This is a First Amendment viewpoint discrimination and retaliation case. Plaintiff entered the Charlotte County Sheriff's Office to file an internal affairs complaint about Sheriff Bill Prummell engaging in an extra-marital affair and a SWAT team doctor illegally distributing steroids. Plaintiff explained his purpose to a woman at the reception desk, who said she would try to reach someone to assist him. In the meantime, Plaintiff took a seat in the lobby.[3]

Behind the scenes, Terry Cochran (Defendant's supervisor) handed Defendant a mostly pre-completed trespass warning and ordered Defendant to serve the trespass warning on Plaintiff in the lobby. (Doc. 135-1 at 9:22–10:7).[4] Cochran advised Defendant that the trespass warning was warranted because Plaintiff had engaged in a course of inappropriate conduct. (*Id.* at 9:1–6). At the time, Defendant had no prior contact with Plaintiff, no knowledge of Plaintiff's purpose at the Sheriff's Office, and no knowledge of Plaintiff's

---

forementioned Order and Local Rule 3.01(c). But given Plaintiff's response fails to salvage his case anyway (despite additional pages and AI assistance), the Court disregards these defects.

[3] The activities in the lobby are captured on Plaintiff's body camera. (Doc. 134).

[4] When referencing Docs. 135-1 and 135-3, which are deposition transcript exhibits, the Court cites the transcript page number.

viewpoint or opinion. He was just following orders. (*Id.* at 18:16–18, 21:12–16, 22:13–23, 23:6–11; Doc. 135-3 at 21:19–21).

A short while later, Defendant entered the lobby. He added the case number, date, and time to the trespass warning. He then signed the trespass warning and issued it to Plaintiff. (Doc. 135-1 at 9:22–10:7). Plaintiff immediately left the office, shouting expletives at Defendant along the way.

Plaintiff brought two claims against Defendant under 42 U.S.C. § 1983: First Amendment viewpoint discrimination (count I) and First Amendment retaliation (count II). (Doc. 71). He maintains that Defendant issued the trespass warning in direct response to Plaintiff filing an internal affairs complaint against other law enforcement officers. Defendant moves for summary judgment, arguing he is entitled to qualified immunity because Plaintiff has not established a constitutional violation. (Doc. 135).

## Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show a lack of genuinely disputed material fact. *Clark v. Coats & Clark,* 929 F.2d 604, 608 (11th Cir. 1991). If carried, the burden shifts to the nonmoving party to point out a genuine dispute. *Id*. At this stage, a court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341–42 (11th Cir. 2002).

**Analysis**

Because Defendant invokes qualified immunity, the Court begins with the applicable standard. Then, the Court addresses the merits of Plaintiff's claims.

## I. Qualified Immunity

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant officer operated within the scope of his discretionary authority, the plaintiff bears the burden of "demonstrat[ing] that qualified immunity is not appropriate." *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006) (quoting *Lumley v. City of Dade City*, 327 F.3d 1186, 1194 (11th Cir. 2003)).

The parties do not dispute that Defendant acted within the scope of his discretionary authority. So Plaintiff bears the burden of proving both (1) that Defendant "violated a statutory or constitutional right" and (2) "that the right was clearly established at the time of the challenged conduct." *Acosta v. Miami-Dade Cnty.*, 97 F.4th 1233, 1239 (11th Cir. 2024) (citation omitted).

## II. Viewpoint Discrimination

"A restriction on speech constitutes viewpoint discrimination 'when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.'" *Jackson v. McCurry*, 762 F. App'x 919, 930 (11th Cir. 2019) (quoting *Rosenberger v. Rector & Visitors of Univ. of Vir.*, 515 U.S. 819, 829 (1995)). To prevail on his claim, Plaintiff must show that Defendant would not have issued the trespass warning but for Plaintiff's viewpoint—in this case, the internal affairs complaint. *See Nieves v. Bartlett*, 587 U.S. 391, 416 (2019) (Gorsuch, J., concurring) ("To show an arrest violated the First Amendment, everyone agrees a plaintiff must prove the officer would not have arrested him but for his protected speech."). This burden requires demonstrating Defendant had knowledge of Plaintiff's viewpoint or the internal affairs reports. *See Huggins v. Sch. Dist. of Manatee Cnty.*, 151 F.4th 1268, 1284 (11th Cir. 2025) (explaining "an official who does not even know about [the plaintiff's] viewpoint or past speech lacks the necessary connection to that speech to have restrained [the plaintiff's] speech and retaliated against

him in violation of the First Amendment"). Plaintiff's claim fails at this basic level.

The record demonstrates Defendant had no knowledge of Plaintiff's viewpoint or the internal affairs complaint. Defendant testified that, before issuing the trespass warning, he had no knowledge of Plaintiff's purpose at the Sheriff's Office or knowledge of Plaintiff's viewpoint or opinion. Even Plaintiff admitted he had no prior contact with Defendant before the trespass warning. Indeed, it was not even Defendant's decision to issue the trespass warning; he was following Cochran's orders. If Defendant did not know of Plaintiff's viewpoint, that viewpoint could not have been the rationale for the trespass warning, and Plaintiff's claim fails.

Plaintiff produces no evidence to the contrary. At best, he musters an erroneous argument that Cochran knew Plaintiff was filing an internal affairs report, and such knowledge was imputed to Defendant. (Doc. 141 at 10). But the cases he cites (*see* Doc. 141 at 11) pertain to the "fellow officer rule" regarding probable cause and are inapposite. What's more, the Eleventh Circuit has shot down this argument. *See Huggins*, 151 F.4th at 1284 (explaining that "[w]e can't impute [a superior's] motive to people who carried out her instructions with no apparent knowledge of her allegedly unconstitutional reason for giving them"). There must exist "a factual connection between [Plaintiff's] speech and each individual official defendant,

through the official's own individual actions[.]" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Based on the record before the Court, no such connection exists.

Because Plaintiff fails to produce any evidence that Defendant knew of Plaintiff's viewpoint when issuing the trespass warning, his viewpoint discrimination claim fails. Defendant is thus entitled to qualified immunity because Plaintiff fails to show a constitutional violation, and the Court grants summary judgment in Defendant's favor on count I. *See id.* (affirming an award of qualified immunity to officers because the plaintiff "failed to allege that [the officers] knew the content or viewpoint of [the plaintiff's] speech").

## III. Retaliation

To establish a First Amendment retaliation claim, "a plaintiff generally must show: (1) she engaged in constitutionally protected speech, such as her right to petition the government for redress; (2) the defendant's retaliatory conduct adversely affected that protected speech and right to petition; and (3) a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech and right to petition." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019). "In order to establish a causal connection, the plaintiff must show that the defendant was subjectively motivated to take the adverse action because of the protected

speech." *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011).

For the same reasons explained above, Plaintiff's retaliation claim fails. Plaintiff fails to produce any evidence that Defendant knew of Plaintiff's viewpoint or the internal affairs complaint. Without such evidence, he cannot establish Defendant was subjectively motivated by Plaintiff's viewpoint, and the retaliation claim fails. *See Huggins*, 151 F.4th at 1284. Defendant is thus entitled to qualified immunity because Plaintiff fails to show a constitutional violation, and the Court grants summary judgment in Defendant's favor on count II.

Accordingly, it is

**ORDERED:**

(1) Defendant's Motion for Summary Judgment (Doc. 135) is **GRANTED**.

(2) The Clerk is **DIRECTED** to enter judgment for Defendant and against Plaintiff, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record