**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**ANDREW BRYAN SHEETS,**
Plaintiff,

v. 2:24-cv-943-SPC-NPM

**CHRISTOPHER SCOTT WILLIAMS,**
Defendant.

---

# ORDER

After almost two years of litigation, the court granted defendant Christopher Scott Williams's motion for summary judgment in this civil rights action, and judgment was entered on July 30, 2026, in favor of Williams against plaintiff Andrew Bryan Sheets.[1] (Doc. 146). As the prevailing party, Williams filed a proposed bill of costs for $1,034, seeking costs for two deposition transcripts and court reporter fees for each deposition. (Doc. 150). Ultimately, the clerk taxed costs totaling $549.55 for transcript services for the deposition transcripts of Sheets and Williams ($549.00), and for exhibits ($0.55). (Doc. 152).

---

[1] Although Sheets is proceeding without a lawyer, he is no stranger to federal court. *See Sheets v. City of Punta Gorda, Florida*, 2:19-cv-484-SPC-MM; *Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-KCD-DNF; *Sheets v. Jimenez et al.*, 2:24-cv-704-SPC; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-JES-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-KCD-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25 cv-130-KCD-DNF; *Sheets v. Martin et al.*, 2:25-cv-444-SPC-NPM; *Sheets v. Lipker et al.*, 2:25 cv-493-KCD-DNF; *Sheets v. Pribble*, 2:25-cv-500-KCD-NPM; *Sheets v. Woelk et al.*, 2:25-cv 578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC; *Sheets v. Woelk et al.*, 2:25-cv-611 SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-612-KCD-NPM; *Sheets v. Angelini et al.*, 2:25-cv 653-SPC-NPM; *Sheets v. Angelini et al.*, 2:25-cv-644-KCD-DNF; *Sheets v. Gray, et al.*, 2:25 cv-667-JES-DNF; *Sheets v. Renz et al.*, 2:25-cv-1000-KCD-DNF; *Sheets v. Presseller et al.*, 2:26-cv-773-SPC-KRH; *Sheets v. Wetherell et al.*, 2:26-cv-1974-KCD-KRH.

Pursuant to Rule 54(d), Sheets objects to the bill of costs taxed against him and moves for review of the Clerk's taxation "item by item." (Doc. 155). In doing so, Sheets asserts that Williams must provide additional information to establish that the costs are permissible under § 1920, and he requests that Williams identify 1) the number of transcript pages; 2) the rate charged per page; 3) whether an original, copy, expedited, rough, or condensed transcript, or electronic package, or other service was ordered; 4) whether any administrative or convenience services were embedded in the amount taxed; and 5) the basis for the separate $0.55 exhibit charge. *Id.* at 2-3. Alternatively, Sheets requests that the court substantially reduce the taxable amount due to financial hardship or stay the enforcement of costs pending completion of post-judgment proceedings and any appeal. *Id.* at 3-4.

"Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." *Berube v. McCann Aerospace Machining Corp.*, 486 F. App'x 778, 780 (11th Cir. 2012). So "a district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007). "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." *See* Fed. R. Civ. P. 54(d)(1). This includes costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," among other things. *See* 28 U.S.C. § 1920.

No sound basis exists here. As Sheets recognizes, Williams relied on deposition testimony in his summary judgment motion. (*See* Doc. 135; Doc. 155 at

2). As such, the costs associated with the depositions were properly taxed. *Paylan v. Teitelbaum*, 798 F. App'x 458, 468 (11th Cir. 2020) ("[A] 'district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.'" (quoting *United States EEOC v. W&O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). Because these costs are clearly taxable, we decline Sheets's invitation to conduct an item-by-item review.

We also decline Sheets's request to further reduce the costs taxed against him due to his "present inability to pay." (Doc. 155 at 3). The Eleventh Circuit has held that "when awarding costs, a district court should not consider the relative wealth of the parties. Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine . . . the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." *Chapman v. Al Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (citation omitted). The plaintiff's financial status "is [only] a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Id.* Such consideration requires "substantial documentation of a true inability to pay." *Id.*

But Sheets has provided no documentation, let alone substantial documentation, of an inability to pay. *See Chapman*, 229 F.3d at 1039. Instead, Sheets points to litigation expenses he has voluntarily incurred, court-awarded costs in multiple proceedings, and vague references to personal discretionary expenses to assert his finances have materially deteriorated. (Doc. 155 at 3). This will not suffice. *See Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005) ("good

faith and limited financial resources are not enough" to overcome the presumption that the prevailing party's costs should be paid by the non-prevailing party); *see also Larmond v. Osceola Reg'l Hosp., Inc.*, No. 6:18-cv-1003-Orl-31GJK, 2019 WL 5399085, *2 (M.D. Fla. Oct. 7, 2019), *report and recommendation adopted*, 2019 WL 5391299 (Oct. 22, 2019) (rejecting argument to reduce taxable costs where "plaintiff fails to offer anything other than a statement that an award of the claimed deposition transcript costs amounts to 'approximately half of plaintiff's gross monthly salary of approximately $5,250.00.'"). Therefore, we will not consider Sheets's financial status as a factor in reducing the award of costs.

Sheets's request to stay enforcement of the costs award pending post-judgment review and appeal fares no better.[2] "A stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden." *Miccosukee Tribe of Indians of Fl. v. United States*, No. 10-23507-CV, 2011 WL 5508802, *1 (S.D. Fla. Nov. 8, 2011). To obtain a stay pending appeal, the moving party must show that it has a substantial likelihood of success on the merits. *Miccosukee*, 2011 WL 5508802 at *1. Sheets has made no such showing. Rather, he argues that the immediate collection of the costs "would impose a substantial hardship." (Doc. 155 at 4). This argument is unpersuasive and has no bearing on his likelihood of success.

And while Sheets has appealed this matter, "several district courts in the Eleventh Circuit have declined to stay ruling on a bill of costs pending appeal,

[2] Sheets filed a motion to alter or amend the judgment, which the court denied on August 26, 2026. (Docs. 160, 161).

finding no valid reason for postponing the decision of taxable costs." *See, e.g.*, *City of Fort Lauderdale v. Scott*, No. 10-61122-CIV-COHN/SELTZER, 2013 WL 773471, *1 (S.D. Fla. Feb. 28, 2013) (denying a motion to stay the decision on a bill of costs pending appeal, and awarding costs for copying fees incurred in the course of litigation); *Breedlove v. Hartford Life & Accident Ins. Co.*, No. 6:11-cv-991-Orl-28TBS, 2013 WL 361825, *1-2 (M.D. Fla. Jan. 30, 2013) (same); *Yale Galanter, P.A. v. Johnson*, No. 06-60742-CIV, 2008 WL 1766907, *1 (S.D. Fla. Apr. 14, 2008) ("While the Court understands it has the authority to deny the bill of costs without prejudice to refiling after resolution of the appeal, the Court prefers to rule upon the motion at this time and enter a judgment for costs.").

Accordingly, Sheets's objections to the bill of costs are **OVERRULED**, and his request to stay enforcement of the costs pending appeal (Doc. 155) is **DENIED**.

**ORDERED** on October 2, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge