UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

Plaintiff,

v. Case No. 2:24-cv-943-SPC-NPM

DEPUTY CHRISTOPHER SCOTT WILLIAMS,

Defendant.

---

# ORDER

Plaintiff Andrew Bryant Sheets lost this case. (*See* Doc. 146).[1] He now wants a new judge and seeks recusal under 28 U.S.C. §§ 455(a) and (b)(1). (Doc. 169). He does not allege any improper *ex parte* communications or financial conflicts. Instead, his complaint boils down to a single grievance: he believes the undersigned's decisions are motivated by an "adverse view of him personally." (*Id.* at 1). Pointing to adverse rulings and particular language in orders across his numerous lawsuits, Sheets insists that a reasonable observer would question the undersigned's impartiality. (*Id.*). For instance, he highlights the undersigned's characterization of his repeated filings as a "rampage." (*Id.* at 5). Further, he notes that the Court often lists his numerous

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

actions in an opening footnote in its orders. (*Id.* at 4). Generally, he quibbles with the Court's purportedly "colorful judicial language." (*Id.* at 5).

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Any doubt "must be resolved in favor of recusal." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001). When considering recusal, the potential conflict must be considered as it applies to the entire case. *See id.* at 1310–11. A judge contemplating recusal should not ask whether she believes she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). A judge, however, has a duty to sit when there is no legitimate reason to recuse as when the law and facts require. *See United States v. Malmsberry*, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citation omitted).

Moreover, § 455(b) provides certain situations in which partiality is presumed and recusal is required. If the judge reviews the enumerated conflicts of interest in which § 455(b) mandates recusal, and does not find that any apply, the judge is obligated to continue to preside over the case. *See Lawal v. Winners Int'l Rests Co. Ops., Inc.*, No. 1:04-cv-0913-WSD, 2006 WL 898180 at *4 (N.D. Ga. Apr. 6, 2006).

Based on the foregoing and having carefully considered Sheets' motion, the undersigned finds that there is no reason to recuse herself due to

impartiality. The undersigned, therefore, is obligated to continue to preside over this case.

Accordingly, it is now

**ORDERED**:

Plaintiff Andrew Sheets' Motion for Disqualification and Recusal of the Honorable Sheri Polster Chappell Pursuant to 28 U.S.C. §§ 455(a) and (b)(1) (Doc. 169) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on November 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record